UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM A. HIRST,<br><br>Defendant. | Case No: CR 11-0157 SBA<br><br>**ORDER DENYING MOTION TO DISMISS AND DENYING RENEWED MOTION FOR DISCOVERY**<br><br>Docket 30, 31. |

The parties are presently before the Court on Defendant William Hirst's ("Defendant") motion to dismiss under Rule 12(b)(3) of the Federal Rules of Criminal Procedure and renewed motion for discovery under Rule 16 of the Federal Rules of Criminal Procedure. Dkt. 30, 31. The Government opposes the motions. Dkt. 32, 33. Having read and considered the papers filed in connection with these matters and being fully informed, the Court hereby DENIES the motion to dismiss and DENIES without prejudice the renewed motion for discovery, for the reasons stated below.

I. **BACKGROUND**

On March 17, 2011, Defendant was charged in a two-count indictment with violations of 18 U.S.C. § 1001 for making false statements to Internal Revenue Service ("IRS") agents. See Indictment, Dkt. 1. Count one alleges that on or around December 11, 2006, Defendant made materially false, fictitious and fraudulent statements and representations to agents of the IRS during a civil estate tax audit the IRS was conducting to determine the assets and the value of the assets included in the decedent's ("ERB") estate and its federal tax liability. Id. at 1. During the course of this audit, the IRS agents presented eleven deeds to Defendant. Id. The indictment alleges that Defendant made the

following false statements in connection with the eleven deeds: (1) "that he notarized those deeds on February 12, 2004"; (2) "that the signature on those deeds was ERB's"; (3) "that it was not possible that he signed ERB's signature onto some of the deeds"; (4) "that he did not know why he placed the date in front of ERB's signature on three deeds"; (5) "that he did not remember why three deeds were filed fourteen months after February 12, 2004, while the other eight were filed one month after February 12, 2004"; (6) "that he discovered three deeds had not been filed with the county recorder when he ran across them in a file"; and (7) "that he did not sign ERB's name to deeds, and the signatures on the deeds were not his writing." Id. at 1-2.

According to the Government, the foregoing statements are false because Defendant knew at the time he made the statements that, on or about and between December 2004 and February 15, 2005: (1) he fabricated the deeds for the properties commonly known as 1051 Bluebell, 41111 Blacom, and 1938, 1955, and 1979 Spruce (hereafter "Bluebell, Blacow, and Spruce"); (2) he signed ERB's name to the fabricated deeds; (3) he placed the date in front of ERB's signature on the fabricated deeds as ERB was deceased; (4) he did not notarize the fabricated deeds on February 14, 2004; (5) he knew the fabricated deeds were filed fourteen months after February 12, 2004, instead of one month later like the other deeds, because he did not fabricate them until sometime between December 2004 and February 15, 2005, and therefore could not have been filed in 2004 with the other deeds; and (6) he discovered that he did not have deeds for the Bluebell, Blacow, and Spruce properties when "SB" asked him for those deeds and when he was unable to find them in his files, he fabricated the Bluebell, Blacow, and Spruce deeds and caused them to be filed with the county recorder. Indictment at 2.

Count two of the indictment alleges that on or about August 5, 2008, Defendant willfully and knowingly made materially false, fictitious, and fraudulent statements and representations by stating to IRS agents during a criminal investigation that the Bluebell, Blacow, and Spruce deeds were recorded more than a year after the other deeds were recorded because they were lost. Indictment at 2-3. According to the Government, this

statement was false because Defendant knew at the time he made the statement that the reason the documents were recorded on or about April 4, 2005 was because they were not fabricated by him until sometime between December 2004 and February 2005. Id. at 3.

On July 12, 2011, Defendant filed a motion for discovery, which listed sixteen categories of requested discovery. Dkt. 9. After supplemental briefing was filed, the Court denied Defendant's motion on November 18, 2011. Dkt. 25. On March 27, 2012, Defendant filed a renewed motion for discovery, which lists four categories of requested discovery. Dkt. 30.

On March 29, 2012, Defendant filed a motion to dismiss the indictment. Dkt. 31-1. On April 10, 2012, the Government filed an opposition to the motion to dismiss and an opposition to the renewed motion for discovery. Dkt. 32, 33. Defendant filed reply briefs on April 17, 2012. Dkt. 34, 35.

On May 1, 2012, a hearing was held on the motion to dismiss and renewed motion for discovery. Dkt. 37. At the hearing, the parties agreed to meet and confer to resolve the discovery issues raised in the renewed motion for discovery. Dkt. 38 at 31-32. On June 12, 2012, the Court held a status conference in which the parties represented that they are attempting to resolve all of the remaining outstanding discovery issues raised in Defendant's renewed motion for discovery.

## II. DISCUSSION

### A. Motion to Dismiss

Defendant contends that dismissal of the indictment is appropriate because the indictment does not "set forth what statement or statements are alleged to be knowingly and willfully materially false, fictitious, or fraudulent." In addition, Defendant contends that dismissal of the indictment is appropriate because 18 U.S.C. § 1001 does not embrace the oral, unsworn statements allegedly made by Defendant to IRS agents.

#### 1. Legal Standard

An indictment "must be a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed.R.Crim.P. 7(c)(1). A defendant may

move to dismiss the indictment for failure to state an offense under Federal Rule of Criminal Procedure 12(b). "In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment." United States v. Boren, 278 F.3d 911, 914 (9th Cir. 2002) (citations omitted). "On [such] a motion . . . , the court must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged." Id. (citation omitted). "An indictment must provide the essential facts necessary to apprise a defendant of the crime charged; it need not specify the theories or evidence upon which the government will rely to prove those facts." United States v. Cochrane, 985 F.2d 1027, 1031 (9th Cir. 1993) (citing United States v. Jenkins, 884 F.2d 433, 438-439 (9th Cir. 1989)). An indictment is sufficient to withstand a motion to dismiss "if it contains the elements of the charged offense in sufficient detail (1) to enable the defendant to prepare his defense; (2) to ensure him that he is being prosecuted on the basis of the facts presented to the grand jury; (3) to enable him to plead double jeopardy; and (4) to inform the court of the alleged facts so that it can determine the sufficiency of the charge." United States v. Rosi, 27 F.3d 409, 414 (9th Cir. 1994) (citation omitted).

### 2. Sufficiency of the Allegations in the Indictment

A person is guilty of violating 18 U.S.C. § 1001 if he or she, "in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully -- (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact; (2) makes any materially false, fictitious, or fraudulent statement or representation; or (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry." 18 U.S.C. § 1001(a).

Having reviewed the indictment, the Court finds that it sufficiently alleges the false statements made by Defendant to withstand a motion to dismiss. As set forth above, both counts in the indictment are supported by allegations that specifically identify the allegedly false statements and representations made by Defendant in sufficient detail to inform

Defendant of the essential facts constituting the charged violations of § 1001. Accordingly, Defendant's motion to dismiss is DENIED.

### 3. Oral, Unsworn Statements

Defendant contends that the indictment should be dismissed because § 1001 does not embrace the oral, unsworn statements allegedly made by Defendant to IRS agents. In support of his position, Defendant cites, without analysis, United States v. Bedore, 455 F.2d 1109 (9th Cir. 1972). In Bedore, the Ninth Circuit addressed whether § 1001 applied to a false statement made by an individual to a Federal Bureau of Investigation ("FBI") agent in response to that agent's inquiry. In that case, when an FBI agent went to Bedore's home to serve him with a subpoena, Bedore denied his identity, giving his roommate's name. Id. at 1110. The Ninth Circuit held that "Bedore's false statement of identity given to [the agent] is outside the scope of § 1001." Id. at 1111. In reaching this conclusion, the court reasoned as follows:

> From the statutory history, it is evident that section 1001 was not intended to reach all false statements made to governmental agencies and departments, but only those false statements that might support fraudulent claims against the Government, or that might pervert or corrupt the authorized functions of those agencies to whom the statements were made.
>
> . . .
>
> The statute was not intended to embrace oral, unsworn statements, unrelated to any claim of the declarant to a privilege from the United States or to a claim against the United States, given in response to inquiries initiated by a federal agency or department, except, perhaps, where such a statement will substantially impair the basic functions entrusted by law to that agency.

Id.

Thus, in Bedore, the Ninth Circuit adopted a multi-part test to determine whether a limitation on § 1001 known as the "exculpatory no" doctrine should apply. See United States v. Medina de Perez, 799 F.2d 540, 544, n. 5 (9th Cir. 1986) (setting forth a five-part test to determine the proper application of the "exculpatory no" doctrine). However, in Brogan v. United States, 522 U.S. 398 (1998), the Supreme Court explicitly and

unequivocally rejected the "exculpatory no" doctrine as a defense to criminal liability under an earlier version of § 1001.[1]  See id. at 408.  In that case, federal agents, including agents from the IRS, asked Brogan if he had ever accepted certain illegal cash payments or gifts.  Id. at 399.  Brogan replied "no," which was a lie.  Id.  The Supreme Court upheld Brogan's conviction, holding that the "exculpatory no" doctrine embraced by many Court of Appeals is not supported by the plain language of § 1001.  Id. at 408.  In so holding, the Court found that recognition of any type of exception for a false statement, including a simple denial of wrongdoing, constituted a "limitation that the text [of § 1001] would not bear."  See id. at 401-403.  The Court held that § 1001, by its terms, "covers 'any' false statement - that is, a false statement 'of whatever kind,' which includes the use of the word "no" in response to a question.  Id. at 400.[2]

Here, contrary to Defendant's contention, Bedore is not controlling.  In Brogan, the Supreme Court expressly held that § 1001 covers "any" false statement "of whatever kind," which this Court concludes includes the allegedly false oral, unsworn statements made by Defendant to IRS agents in this case.  This conclusion is supported by the plain language of the statute, which provides that § 1001 covers "*any* materially false, fictitious, or fraudulent statement or representation."  18 U.S.C. § 1001 (emphasis added).  The text of the statute does not exclude from its reach the oral, unsworn statements at issue in this case.

Defendant, for his part, does not argue that a literal reading of the statute supports his contention that § 1001 does not embrace the oral, unsworn statements he allegedly made to IRS agents.  Nor does Defendant cite to any controlling authority supporting his position.  To the extent that Defendant relies on Bedore, his reliance is misplaced.  In

---

[1] For purposes of the instant motion, the Court finds that the earlier version of § 1001 is not materially different from the current version of the statute.

[2] In holding that § 1001 covers false statements of "whatever kind," the Court concluded that the statute is not limited to falsehoods that pervert government functions.  See Brogan, 522 U.S. at 402.  Moreover, even if the statute was limited to falsehoods that pervert government functions, the Court determined that falsely denying guilt in a government investigation would pervert government functions, since the very purpose of an investigation is to uncover the truth.  Id.

rejecting the "exculpatory no" doctrine as a defense to criminal liability under § 1001, Brogan abrogated the Court of Appeal decisions that have embraced the doctrine, which includes Bedore. In doing so, the Supreme Court expressly rejected the limitation Bedore and other courts had placed on the statutory language of § 1001. Brogan, 522 U.S. at 408. Accordingly, because the construction of § 1001 that Defendant urges the Court to adopt is neither supported by the text of § 1001 nor by controlling authority, Defendant's motion to dismiss is DENIED.

Moreover, even assuming for the sake of argument that the "exculpatory no" doctrine is a viable defense to criminal liability under § 1001, the Ninth Circuit has held that oral statements made to IRS agents are outside the "exculpatory no" doctrine. See United States v. Ratner, 464 F.2d 101, 102-105 (9th Cir. 1972) (noting that several previous Ninth Circuit cases have held that "answers to Internal Revenue Service investigations" are outside the "exculpatory no" doctrine). Furthermore, Defendant has failed to sustain his burden to demonstrate that the multi-part test to determine whether the "exculpatory no" doctrine should apply is satisfied. See United States v. Myers, 878 F.2d 1142, 1143-1144 (9th Cir. 1989) (identifying the five factors that must be satisfied to apply the "exculpatory no" doctrine and noting that the failure to meet any of the factors renders the defense unavailable to the accused). Defendant did not set forth the five-part test, let alone provide legal analysis demonstrating that the five factors are satisfied under the circumstances of this case.[3] Thus, to the extent that Defendant seeks dismissal of the indictment based on the "exculpatory no" doctrine, the Court finds that this request is unsupported, and therefore,

---

[3] To the extent Defendant relies on Bedore to argue that the statements at issue in this case fall within the "exculpatory no" doctrine simply because they are oral and unsworn, the Bedore court recognized that § 1001 embraces oral, unsworn statements under some circumstances. In that case, the Ninth Circuit stated that: "The statute was not intended to embrace oral, unsworn statements, unrelated to any claim of the declarant to a privilege from the United States or to a claim against the United States, given in response to inquiries initiated by a federal agency or department, except, perhaps, where such a statement will substantially impair the basic functions entrusted by law to that agency." Bedore, 455 F.2d at 1111. The essence of the authorities that have embraced the doctrine is that the materiality of the representations to the activity conducted by the federal agency trumps the form in which it is made, i.e., whether oral, written, sworn or unsworn.

lacks merit. It is not the role of the Court to make the parties' arguments for them. See Indep. Towers of Wash. v. Wash., 350 F.3d 925, 929 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court.").

### B. Renewed Motion for Discovery

In light of the parties' agreement to meet and confer to resolve the discovery issues raised in Defendant's renewed motion for discovery, Defendant's motion is DENIED without prejudice. If the parties are unable to resolve all of the remaining outstanding discovery issues raised by Defendant's motion through the meet and confer process, Defendant may renew his motion for discovery.

## III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Defendant's motion to dismiss is DENIED.

2. Defendant's renewed motion for discovery is DENIED without prejudice.

3. This Order terminates Docket 30 and Docket 31.

IT IS SO ORDERED.

Dated: 8/17/12

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge